STATE *vs.* JOHN H. GODDARD.

Cumberland. Opinion February 12, 1879.

*Indictment. Felony. Assault and battery.*

Since the Stat. of 1872, c. 82, went into effect, assault and battery, as defined in R. S., c. 118, § 28, has been a felony.

An assault and battery being a substantive felony under the statute, there is no need in an indictment of charging an intent to commit any other felonious offense.

ON EXCEPTIONS to the ruling of Symonds, J., of the superior court for this county.

The defendant was charged with assault and battery by an indictment of the following tenor, omitting the simply formal parts :

" The jurors for said state, upon their oath, present that John H. Goddard, of . . in the county of . . on the twenty-fourth day of January, in the year of our Lord one thousand eight hundred and seventy-eight, at Portland, in said county of Cumberland, with force and arms in and upon one Charles Lambert, with a certain dangerous weapon, to wit, with a revolver then and there loaded with powder and leaden bullets, with which the said John H. Goddard was then and there armed, wilfully and feloniously did make an assault, and the said revolver, so loaded as aforesaid, did then and there wilfully and feloniously discharge and shoot off at, towards, upon and against him, the said Charles Lambert, thereby then and there feloniously giving to the said Charles Lambert, by means of the loaded revolver aforesaid so shot off and discharged as aforesaid, in and upon the body of the said Charles Lambert a painful and grievous wound, and other wrongs to him, the said Charles Lambert, then and there did, against the peace of said State, and contrary to the form of the statute in such case made and provided."

The defendant demurred to the indictment, and assigned the following reasons :

" That the said indictment charges that said Goddard wilfully and feloniously did make an assault, without anywhere alleging or

charging any felony attempted or intended by the assault to be committed.

"That said indictment charges a felonious battery without defining or charging by proper averments any felony attempted or intended."

The demurrer was joined.

The judge of the superior court overruled the demurrer, and adjudged the indictment sufficient; whereupon the defendant alleged exceptions.

*C. F. Libby*, county attorney, for the state.

*W. W. Thomas, Jr., & G. E. Bird*, for the defendant.

VIRGIN, J. It is contended that the offense set out is not a felony, and therefore that the allegation, that the acts therein described were feloniously done, is improper.

We do not think the objection tenable. Moreover, if it were, it would not be sufficient cause for quashing the indictment, inasmuch as such irregularity would not tend to the defendant's prejudice. If the simple allegation tended to prejudice the party accused, the provision in R. S., c. 131, § 12, would be a nullity.

But an assault and battery, as defined in R. S., c. 118, § 28, is, as the statute now stands, a felony. The term "felony," when used in R. S., cc. 117 to 139, inclusive, includes every offense "punishable by imprisonment" "for the term of one year or more." R. S., c. 131, § 9 ; c. 135, § 2. The offense of assault and battery is defined in c. 118, § 28. Though prior to 1872 the maximum imprisonment therefor was less than one year, the legislature then increased the maximum to a "term not exceeding five years," and thereby made the offense a statute felony. St. 1872, c. 82. To be sure, this statute does not *in totidem verbis* provide that R. S., c. 118, § 28, shall be amended by changing the term of punishment as therein provided; but it is none the less an amendment; and from the date of the amendment R. S., c. 118, § 28, is to be construed as if it originally contained the new provisions. *Byron* v. *Co. Comm'rs*, 57 Maine, 340. *Blake* v. *Bracket*, 47 Maine, 28.

Assault and battery being a substantive felony under the stat-

utc, there was no need of charging an intent to commit any other felonious offense.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS and LIBBEY, JJ., concurred.